IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00418-MSK-MJW

MARY PROCTOR,

Plaintiff,

v.

SWIFT COMMUNICATIONS, INC.,

Defendant.

---

**RECOMMENDATION THAT THIS ACTION BE
DISMISSED BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO
PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on March 2, 2009.  (Docket No. 2).

In a Minute Order filed on October 6, 2009 (Docket No. 46), this court granted Plaintiff's Motion for Continuance of Settlement Conference and reset the conference to December 4, 2009, at 1:30 p.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  In that Minute Order, the parties were "reminded that persons with complete settlement authority shall be present in person for the Settlement Conference."  (Docket No. 46).  A copy of that Minute Order was sent electronically to plaintiff's attorney of record, who was subsequently allowed to withdraw as counsel for plaintiff.  (See Docket Nos. 48 and 55).

2

The now pro se plaintiff did not appear as ordered for the December 4, 2009, Settlement Conference. Defense counsel appeared, as did a representative of the defendant, who came from out of state. The court notes that while it was cold in Denver, it was sunny and clear, and there were no apparent problems with the local roads. Plaintiff did not seek a further continuance of the December 4 conference, nor did she even contact the court, by telephone or otherwise, about the conference.

Consequently, on December 4, 2009, this court issued an Order to Show Cause (Docket No. 59) in which the above was summarized, and the plaintiff was advised of the provisions contained in Rules 16(f), 37(b)(2)(A)(ii)-(vii), and 41(b) of the Federal Rules of Civil Procedure. In addition, in that Order to Show Cause, this court set a Show Cause Hearing on January 5, 2010, at 2:00 p.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, at which the plaintiff was directed to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to appear, failure to prosecute, and failure to comply with the court's order. Plaintiff was specifically advised in that Order to Show Cause that "[i]n addition to a recommendation that this action be dismissed, other sanctions that may very well be imposed are defendant's attorney fees and costs and a finding and order of contempt." (Docket No. 59 at 3).

A copy of that Order to Show Cause was sent to the pro se plaintiff at her California address listed on the Complaint (Docket No. 1 at 16). (See also the same address provided by plaintiff's former counsel on his motion to withdraw - Docket No. 53 at 3). That copy was not returned to the court as undeliverable by the U.S. Postal Service.

3

On January 5, 2010, at 2:00 p.m., however, plaintiff once again failed to appear as ordered by this court. In addition, the plaintiff did not contact the court concerning the Show Cause Hearing, either by moving for a continuance, telephoning the court at the time set for the hearing, or otherwise. The court notes that the weather was clear at the time of the conference, and streets were also clear.

As stated in the Order to Show Cause, Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In addition, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or

>    (vii) treating as contempt of court the failure to obey any order
>    except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).

Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Based upon the foregoing, it is hereby

**RECOMMENDED** on that this case be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) based upon the plaintiff's repeated failure to appear, failure to prosecute, and failure to comply with the court's orders and that the defendant be awarded its reasonable attorney fees and costs for appearing before this court on December 4, 2009, and January 5, 2010, when the plaintiff failed to appear.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v.**

5

**Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999); **Talley v. Hesse,** 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:   January 5, 2010           s/ Michael J. Watanabe
         Denver, Colorado          Michael J. Watanabe
                                   United States Magistrate Judge